UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| STEVEN C. MESSNER,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 1:11-cv-0059 |
| v. | ) Judge Campbell/Brown<br>) |
| HICKMAN COUNTY, *et. al.*,<br>    Defendants. | ) **JURY DEMAND**<br>) |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Plaintiff's Motion for Leave to Amend Complaint. (Docket Entry 16). The only disputed issue is whether Plaintiff may substitute a new party for a party not properly served, despite the statute of limitations having run on those claims. (Docket Entry 20). Defendants have filed a response in opposition to granting leave to amend, and Plaintiffs have filed a reply to that response. (Docket Entries 20, 23). For the reasons set forth below, the Magistrate Judge hereby **RECOMMENDS** that Plaintiff's motion be **DENIED**.

## I. INTRODUCTION

On July 18, 2011, plaintiff Steven Messner filed a *pro se* complaint regarding medical treatment in a jail in August of 2010. (Docket Entries 16, 20). On August 12, 2011, Plaintiff filed an amended complaint, adding Christy Mays and Hickman County Jail as parties. (Docket Entry 20). The First Amended Complaint identified Christy Mays as a jail nurse that medically examined Messner on or about August 13, 2010. (Docket Entry 9). On May 14, 2012, Plaintiff filed a motion for leave to amend complaint. (Docket Entry 16). In addition to substituting Tonie D. Cloud for Christy Mays as the examining nurse, the Second Amended Complaint

would stipulate that Cloud was the only full-time medical practitioner for the jail at the time of the incident. (Docket Entry 16-1). The new pleading would also assert that Cloud had "final policymaking authority with respect to decisions and actions within the scope of her responsibilities." (Docket Entry 16-1).

In response to the motion for leave to amend, Defendants argue that since Plaintiff never served Mays, the court must dismiss the claims against Mays. (Docket Entry 20). If Mays is dismissed, the claims against Cloud would be new, and amending the complaint to add Cloud would be futile due to the statute of limitations. (Docket Entry 20). In reply, Plaintiff argues that since Mays is still a party, and thus Plaintiff may substitute parties via Rule 15(c). (Docket Entry 23).

## II. LEGAL DISCUSSION

A: Rule 4(m)

Rule 4(m) governs the proper method to address a failure to serve an opposing party. Fed. R. Civ. P. 4(m). The rule reads as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

*Id.*

The Sixth Circuit has read Rule 4(m) to require notice prior to dismissal of a party for lack of service. *See Reynosa v. Schultz*, 282 Fed. Appx. 386, 393 (6th Cir. 2008). In *Reynosa v. Schultz*, the court reversed the trial court's decision to dismiss unnamed, unserved defendants *sua sponte*. *See id.* at 387-93. The court rejected the argument that the plaintiffs could show good cause via a motion to reconsider, and argued that notice after dismissal is insufficient. *See*

*id.* at 392-93.

B: Relating Back

Once the plaintiff may no longer amend their complaint as a matter of course, the plaintiff may only amend the complaint with the opposing party's consent or the court's leave. *See* Fed. R. Civ. P. 15(a). "The court should freely grant leave when justice so requires." *Id.* While whether to grant leave is within the discretion of the trial court, this discretion is "limited by the [Rule 15's] liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Some factors that may prevent amendment are undue prejudice to the opposing party, futility of amendment, and undue delay, though undue delay alone is not sufficient to preclude amendment. *See id.* Based on the futility factor, a judge may deny leave to add a new party after the statute of limitations has run on those claims, unless the amended pleading relates back to the date of a prior proper pleading. *See, e.g., Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010).

Rule 15(c)(1) allows relation back when a proposed amended pleading adds a new party or changes the name of a party, but only under certain specific conditions. *See* Fed. R. Civ. P. 15(c)(1). First, the amendment must assert a claim that arose out of the conduct, transaction or occurrence set out in the original pleading. Fed R. Civ. P. 15(c)(1)(B). Second, the movant must show that within 120 days of filing the original pleading with the party to be substituted, the new party (1) received such notice of the action that it will not be prejudiced on the merits, and (2) knew or should have known that the action would be brought against it, but for a mistake concerning the proper party's identity. *See* Fed. R. Civ. P. 4(m), 15(c)(1)(C)(i-ii). The nature of the plaintiff's mistake in naming the party is only relevant if it speaks to the new party's

understanding that the mistake occurred.  *See Krupski*, 130 S. Ct. at 2494.

The court sometimes imputes notice from an organization to the organization's officials. *See, e.g., Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986).  In *Berndt v. Tennessee*, an inmate in a mental institution sued the institution and state *pro se* on constitutional grounds.  *See id.* at 881.  After the district court dismissed the entire complaint based on the parties' Eleventh Amendment immunity, the Sixth Circuit reversed regarding the complaint in whole, granting leave to amend to add the proper parties.  *See id.* at 884.  In dicta, the court stated that constructive notice is sufficient to satisfy Rule 15(c)(1)(C)(i). *See id.*  The court analogized to cases where company officers had received constructive notice through a suit against the company.  *See id.*

### III. ANALYSIS

A.  Rule 4(m) Dismissal

Defendants' argument that the failure to serve Mays requires the court to dismiss Mays *sua sponte* defies a plain reading of Rule 4(m).  By its text, Rule 4(m) requires either a motion or the judge's notice to the plaintiff that the party will be dismissed. The plaintiff then has the opportunity to reply to a motion and show good cause for the failure.

Here, there has been no notice to Plaintiff of any imminent dismissal of Mays. While Defendants included a request to dismiss in the response to the motion to amend, they requested dismissal only after Plaintiff had already requested a substitution.  (Docket Entry 20).  The Magistrate Judge believes that it would be improper to grant a new motion to dismiss a party while a request is pending to substitute that party.

B.  Relating Back

Given that undue delay alone is not enough to prevent awarding leave to amend the

complaint, the decision is only within the court's discretion if there is some additional factor that would allow the court to preclude amendment. Here, the only argument put forth by Defendants is that amending would be futile, as the statute of limitations for the claim against Cloud has run. If the new amended pleading does not relate back to the First Amended Pleading, then the Magistrate Judge may deny the motion due to undue delay and futility.

Here, the claims against Cloud certainly arise from the actions described in the First Amended Pleading. The newly amended pleading describes the nurse's examination in exactly the same words as the First Amended Pleading, with only the name changed. (Docket Entries 9, 16-1).

However, Plaintiff failed to show that Cloud had sufficient notice of the suit. In its motion for leave to amend, Plaintiff makes no mention of whether Cloud knows of the suit, and whether such notice would prejudice Cloud on the merits of the suit. Plaintiff also failed to mention whether Cloud knew or should have known that but for a mistake, the Plaintiff would have brought the action against her instead of Mays.

Plaintiffs only mentioned notice in the reply to Defendants' response, and only in a conclusory manner. (Docket Entry 23). Stating that Cloud "must certainly have been made aware of this lawsuit" does not satisfy either element of Rule 15(c)(1)(C). Plaintiff shows no evidence of notice beyond a bare allegation, and even if that allegation is correct, it does not specify whether Cloud had notice within the 120 days allowed under Rule 15. While Plaintiff is correct that Defendants have not contested the aspect of notice, the burden is on the movant to show that an amended pleading relates back to an earlier pleading.

Asserting that Cloud was the only medical practitioner in the jail is not enough to impute notice from the jail to Cloud. The line of reasoning in cases like *Berndt* extends only higher

officials and officers in an organization, who would almost certainly have knowledge of lawsuits against the organization. Even assuming that Cloud was such an official, the pleading makes no mention of whether Cloud was still in the same position within the 120 days allowed after the First Amended Pleading. Based on the allegations, Cloud would certainly have knowledge of the incident, but knowledge of the incident is not the same as knowledge of the suit.

## IV. CONCLUSION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Leave to Amend be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 19th day of June, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge