IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEVEN C. MESSNER )
)
v. ) NO. 1-11-0059
) JUDGE CAMPBELL
HICKMAN COUNTY, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 24), Objections filed by the Plaintiff in the form of a Motion for *De Novo* Determination (Docket No. 25)[1] and supporting Memorandum (Docket No. 26), and Defendants' Response thereto (Docket No. 27).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are well-taken, and the Report and Recommendation is rejected.

FACTS

Plaintiff filed this action on July 18, 2011, alleging failure to provide adequate medical care and violations of the Americans with Disabilities Act as a result of certain behavior by Defendants while Plaintiff was in the Hickman County Jail. Approximately one month later, Plaintiff filed a First Amended Complaint, adding two parties and identifying Defendant Christy Mays as the jail nurse who medically examined Plaintiff.

On May 14, 2012, Plaintiff sought leave pursuant to Fed. R. Civ. P. 15 to amend his First Amended Complaint (Docket No. 16). All parts of Plaintiff's Motion to Amend were granted by the Magistrate Judge except that portion seeking to substitute Toni Cloud for Defendant Mays.

---

[1] Plaintiff's Motion for *De Novo* Determination (Docket No. 25) is GRANTED.

Plaintiff's proposed Second Amended Complaint alleges that Cloud, not Mays, was the jail nurse who medically examined Plaintiff. [2]

In response to the Motion to Amend, Defendants contended that Plaintiff never served Defendant Mays and that, therefore, adding Cloud as a Defendant would not be a substitution but rather the addition of a new party to the action. Defendants argued that such an amendment would be futile because of the applicable statute of limitations, which would bar Plaintiff's claims against Defendant Cloud. Plaintiff asserted that Defendant Mays is still a party, Cloud may be substituted pursuant to Fed. R. Civ. P. 15(c), and the amendment relates back to the filing of the First Amended Complaint.

The Magistrate Judge has recommended that Plaintiff's Motion to Amend be denied. The Court agrees with the Magistrate Judge that Defendants' request to dismiss Defendant Mays should be denied. The Court disagrees, however, with the Magistrate Judge's recommendation concerning relation back of the proposed Second Amended Complaint.

## RELATION BACK OF AMENDMENTS

Rule 15 provides that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if (1) the claim arises out of the same conduct, transaction or occurrence set out in the original pleading[3] and (2) the party sought to be brought in by amendment received, within 120 days of the filing of the original complaint, such notice of the action that she would not be prejudiced in

---

[2] Plaintiff alleges that Defendants consented to the filing of the Second Amended Complaint except to the extent it sought to substitute Cloud for Mays.

[3] Here, there is no dispute that the allegations against Defendant Cloud arose from the same conduct as that set out in Plaintiff's First Amended Complaint.

2

defending on the merits and knew or should have known the action would have been brought against her, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1).

The Supreme Court has held that relation back under Rule 15(c) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2493 (2010). The rule allows relation back for the mistaken identification of defendants. *Smith v. City of Akron*, 2012 WL 1139003 (6th Cir. April 6, 2012) (citing *Krupski* and other cases). The reasonableness of Plaintiff's mistake is not itself at issue. *Krupski*, 130 S.Ct. at 2494.

Here, Plaintiff does not seek to *add* a party, but to substitute Defendant Cloud for the mis-identified Defendant Mays. Plaintiff asserts that defense counsel was aware of Plaintiff's mistake and in fact notified Plaintiff's counsel of the error.[4] As the Magistrate Judge pointed out, if Plaintiff's proposed Second Amended Complaint does not relate back to the First Amended Complaint then the Motion to Amend would be futile.

The Magistrate Judge found that Plaintiff failed to show that Cloud had sufficient notice of the suit, stating that Plaintiff mentioned notice only in his Reply brief. This statement is in error. Plaintiff's Memorandum in Support of his Motion to Amend (Docket No. 17) argued that Cloud received the requisite notice under *Krupski* and that the amendment related back to the date of the First Amended Complaint. After discussing the *Krupski* case, Plaintiff alleged that even if Cloud was not aware of this action, she certainly *should* have been aware of it within the 120-day period because the other Defendants (including Cloud's employer) and their counsel were aware of the

---

[4] In the course of discussions among counsel, Plaintiff's counsel learned that the name of the nurse at the Hickman County Jail was not Christy Mays but was actually Tonie D. Cloud. Docket No. 17.

3

Case 1:11-cv-00059  Document 28  Filed 07/10/12  Page 3 of 4 PageID #: 104

allegations and were also aware of the fact that Mays was incorrectly identified as the nurse involved.

Plaintiff's First Amended Complaint makes clear that Plaintiff intended to sue the "nurse employed by Hickman County Jail and/or Hickman County" who examined Plaintiff on August 13, 2010, "by poking him with her fingers," the nurse who insisted that Plaintiff was not injured, that he could walk and that he was faking an injury. Docket No. 9, p. 3. In filing an Answer on behalf of the other Defendants (Docket No. 10), counsel certainly must have known that Defendant Mays had been incorrectly identified and that the allegations of the First Amended Complaint involved Cloud. As in *Krupski*, Defendants, including Cloud, should have known that Cloud avoided suit within the limitations period only because of Plaintiff's misunderstanding about the identity of the nurse who examined him.

Although Plaintiff bears the burden of establishing that Cloud did have or should have had notice of this lawsuit, Plaintiff's allegations concerning this notice are undisputed. Defendants argue that Plaintiff failed to meet his burden because his allegations are too speculative. The Court disagrees.

For these reasons, the Report and Recommendation (Docket No. 24) is rejected. Plaintiff's Motion to Amend (Docket No. 16) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4

Case 1:11-cv-00059   Document 28   Filed 07/10/12   Page 4 of 4 PageID #: 105