```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     COLUMBIA DIVISION
```

STEVEN C. MESSNER,            )
                              )
        Plaintiff             )
                              )         No. 1:11-0059
v.                            )         Judge Campbell/Brown
                              )         **Jury Demand**
HICKMAN COUNTY, *et al.*,     )
                              )
        Defendants            )

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**A.   JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. §1367. Defendants deny that exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate.

**B.   THEORY OF THE PLAINTIFF:** Plaintiff Steven C. Messner has multiple sclerosis and requires the use of a cane for his stability. He was denied the use of a cane or other appropriate accommodations for his disability when he was incarcerated at the Hickman County Jail. Because he was denied appropriate assistance or accommodation for his disability, Mr. Messner fell and broke his hip while at the Hickman County Jail. Jail administrators and medical staff then refused to conduct a proper examination of his injury or permit an x-ray examination of the injury for more than three (3) days, despite Mr. Messner's complaints of pain and requests for further examination of the injury; instead they

insisted he was not really injured and was "faking" his injury. When they finally permitted a proper examination, an x-ray revealed that Mr. Messner had broken his hip in the fall. Defendants' conduct violated Mr. Messner's constitutional rights under the Eighth Amendment to the United States Constitution, as well as the rights secured to him under the Americans with Disabilities Act.

  **C. THEORY OF DEFENDANTS HICKMAN COUNTY, WARD & WASDEN:** These defendants deny that they violated Mr. Messner's rights as alleged in Plaintiff's complaint. Specifically, Defendants allege they had probable cause to arrest Mr. Messner, Mr. Messner's alleged fall was not caused by any action/inaction of these defendants, and these defendants responded to Mr. Messner's complaints of pain and medical needs in a reasonable fashion.

  **D. THEORY OF DEFENDANT CLOUD:** Defendant Cloud has not been properly served with the Summons and the Complaint in this case. Also, Plaintiff has failed to state claims upon which relief can be granted against Defendant Cloud. Furthermore, Plaintiff failed to exhaust administrative remedies before filing the Complaint. In addition, Plaintiff's claims against Defendant Cloud are barred by the applicable one year statute of limitations. If not time barred, because Defendant Cloud has been sued in her individual capacity, Defendant Cloud is entitled to qualified immunity and denies that she violated any of Plaintiff's constitutional rights. Defendant provided appropriate nursing care

2

to the Plaintiff while he was in the Hickman County jail and her actions/or inactions did not cause or contribute to any liability or damages claimed by Plaintiff. Moreover, because Defendant Cloud has also been sued in her official capacity, Defendant Cloud is entitled to assert any defense or immunity available to Hickman County. Defendant Cloud incorporates all defenses pled in her answer as if they were set out specifically herein.

  **E.** **ISSUES RESOLVED:** Venue.

  **F.** **ISSUES STILL IN DISPUTE:** Supplemental jurisdiction, liability and damages. The issues of insufficiency of service of process, expiration of the statute of limitations, exhaustion of administrative remedies, failure to state claims upon which relief can be granted, qualified immunity, and, to the extent it can be asserted by Hickman County, the issue of sovereign immunity also remains as to Defendant Cloud.

  **G.** **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 9, 2012**.

  **H.** **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **March 5, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow **40** interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled

3

and participated in a conference telephone call with Magistrate Judge Brown.

**I. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **January 7, 2012**.

**J. DISCLOSURE OF EXPERTS:** The Plaintiff shall make expert disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 4, 2013**. The Defendants shall make expert disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 4, 2013**.

**K. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **June 4, 2013**.

**L. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **July 15, 2013**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages**. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**M. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

**N. CASE MANAGEMENT CONFERENCE:** A telephone conference with Magistrate Judge Brown to discuss case management and alternative dispute resolution is set for **February 25, 2013, at**

**10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

      **O.    TARGET TRIAL DATE AND ESTIMATED TRIAL TIME:** The parties anticipate that this case will be ready for trial no later than December 2, 2013. The parties expect the jury trial to last approximately three days.

      It is so **ORDERED.**

                                /s/ Joe B. Brown  
                                JOE B. BROWN  
                                United States Magistrate Judge