UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| STEVEN C. MESSNER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:11-cv-0059 Judge Campbell/Brown |
| HICKMAN COUNTY, *et. al.*, | ) ) | JURY DEMAND |
| Defendants. | ) | |

**To: The Honorable Todd Campbell, United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons set forth below, the Magistrate Judge hereby **RECOMMENDS** that Defendant Tony D. Cloud's ("Defendant Cloud") Motion for Summary Judgment (Docket Entry "DE" 52) be **GRANTED**, and that this action against her be **DISMISSED** with prejudice.[1]

## I. INTRODUCTION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Steven C. Messner filed a Complaint against "Hickman Co. of Judicial" on July 18, 2011, alleging violations of The Americans with Disabilities Act ("the ADA) for delayed medical treatment while incarcerated in August 2010. (DE 1). This action was referred to the Magistrate Judge on July 21, 2011 "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct any further proceedings that may become necessary under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." (DE 4)

---

[1] If this Report and Recommendation is adopted, the case against Defendants Hickman County, Randal Ward, and Capt. Wasden will remain.

1

Plaintiff amended his Complaint as a matter of right on August 12, 2011, raising claims under both 42 U.S.C. § 1983 and the ADA, and naming additional Defendants. (DE 9). The Defendants in the First Amended Complaint were: (1) Hickman County, (2) Hickman County Jail, (3) Randal Ward (in his individual and official capacities as the Sheriff of Hickman County), (4) Capt. Wasda[2] (in his individual and official capacities as an employee of Hickman County and/or Hickman County Jail), and (5) Christy Mays (in her individual and official capacities as an employee of Hickman County and/or Hickman County Jail). (DE 9).

Approximately nine months later, on May 14, 2012, Plaintiff requested leave to amend his First Amended Complaint. (DE 16). Defendants only objected to the proposed amendment insofar as Plaintiff sought to substitute Cloud for then-Defendant Christy Mays. (DE 20). The Magistrate Judge entered a Report and Recommendation (R&R) on June 19, 2012 recommending that the Court deny the motion to the extent that it sought to substitute Cloud for then-Defendant Mays. (DE 24). This Report and Recommendation was rejected, and Plaintiff's request to substitute Cloud for Defendant Mays was granted on July 10, 2012. (DE 28). Plaintiff filed his Second Amended Complaint on the same day. (DE 29).

The Second Amended Complaint again asserts claims arising under § 1983 and the ADA. Plaintiff names the following defendants in his Second Amended Complaint: (1) Hickman County, (2) Randal Ward (in his individual and official capacities as the Sheriff of Hickman County), (3) Capt. Jerry Wasden (in his individual and official capacities as administrator of the Hickman County Jail and as an employee and/or officer of Hickman County), and (4) Tonie D. Cloud (in her individual and official capacities as an employee of Hickman County). (DE 29).

---

[2] Capt. Jerry Wasden was mistakenly referred to as Capt. Wasda. Plaintiff fixed this error in his Second Amended Complaint. (DE 29).

On February 11, 2013, Cloud filed a Motion for Summary Judgment and a Statement of Undisputed Material Facts pursuant to Rule 56, Fed. R. Civ. P. (DE 52; DE 54). Cloud argues that the claims against her in Plaintiff's Second Amended Complaint are barred by the statute of limitations in actions brought under § 1983 and the ADA, and that those claims do not relate back to either the original Complaint or First Amended Complaint. (DE 52). Cloud also argues that the ADA claims against her in her individual capacity should be dismissed for lack of a legal basis. (DE 52).

Plaintiff filed a Response to Defendant's Motion for Summary Judgment on March 25, 2013, in which Plaintiff concedes that the ADA claims against Cloud in her individual capacity should be dismissed, but that his ADA claims against her in her official capacity should not. (DE 59, p. 1). Cloud filed a Reply with a Statement of Additional Material Facts on April 8, 2013. (DE 62-63). This matter is now properly before the Court.

## II. LEGAL DISCUSSION

**A. Rule 56, Fed. R. Civ. P.**

Motions for summary judgment are governed by Rule 56, Fed. R. Civ. P. Section (a) of Rule 56 provides that:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Assertions as to the presence or absence of a genuine dispute of material fact should be supported by citations to the record, referring to: "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the

3

motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment is only appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c); *Alabama v. N. Carolina*, 560 U.S. 330 (2010); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Facts and reasonable inferences drawn from the facts should "be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Martin v. City of Broadview Heights*, 712 F.3d 951 (6th Cir. 2013). A "genuine issue of material fact" is a fact which, if proven at trial, could affect the outcome of the suit. *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of showing the absence of genuine disputes as to material facts. *Kentucky Commercial Mobile Radio Serv. Emergency Telecommunications Bd. v. TracFone Wireless, Inc.*, 712 F.3d 905, 912 (6th Cir. 2013) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970)). To satisfy this burden, the movant may either produce additional evidence or refer to existing evidence in the record. *Jaszczyszyn v. Advantage Health Physician Network*, 504 F. App'x 440, 446 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323, 325).

To survive a motion for summary judgment, the nonmoving party "cannot simply sit back and highlight deficiencies in the defendant's argument," but must provide "significant probative evidence" that a genuine dispute of material facts exists. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012); *Alman*, 703 F.3d at 895.

In considering whether summary judgment is appropriate, the court must determine whether the evidence submitted establishes a genuine need to be sent to a jury. *Rudisill v. Ford*

*Motor Co.*, 709 F.3d 595, 601 (6th Cir. 2013). If there is a genuine issue of material fact, then summary judgment should be denied. Fed. R. Civ. P. 56(a); *Ortiz v. Jordan*, _ U.S. _, 131 S. Ct. 884, 891 (2011).

### III. ANALYSIS

#### A. Statute of Limitations

##### 1. 42 U.S.C. § 1983

Because Congress did not establish a limitations period applicable to § 1983 actions, federal courts apply the state personal injury statute of limitations. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). Tennessee prescribes a one-year period in which to bring an action under § 1983. *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010); *see* Tenn. Code. Ann. 28-3-104(a)(3). The statute begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010). However, the statute of limitations for § 1983 claims subject to the Prison Litigation Reformation Act may be tolled while a party is exhausting the requisite administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

##### 2. Title II of The Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.*

Similar to § 1983 claims, federal courts apply the state personal injury statute of limitations to claims arising under the ADA. *McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012). Accordingly, Tennessee's one-year statute of limitations governs ADA claims. *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 771 (M.D. Tenn. 2009); *see* Tenn. Code. Ann. 28-3-104(a)(3).

### 3. The Claims Against Cloud Were Filed After the Statute of Limitations Expired

As discussed, *supra* at p. 5, claims arising under § 1983 and the ADA are governed by a one-year statute of limitations in Tennessee. Undisputed by Plaintiff and Cloud, the statute of limitations for this suit began to accrue in August 2010, when the alleged violations of § 1983 and the ADA occurred. (DE 60, p. 6 ¶ 17). Under Tennessee law, the statute of limitations for this suit expired in August 2011.

Plaintiff first requested that Cloud be substituted for Defendant Mays on May 14, 2012, approximately nine months after the statute of limitations had expired. (DE 16). Cloud was officially named a Defendant in this action on July 10, 2012, when Plaintiff filed his Second Amended Complaint. (DE 29). Unless the statute of limitations for filing these claims was tolled or the claims against Cloud "relate back" to the original Complaint or First Amended Complaint, all claims against Cloud are untimely filed and barred by the statute of limitations. Plaintiff has not argued that the § 1983 claims were tolled. Therefore, unless Plaintiff's Second Amended Complaint relates back, Plaintiff's claims against Cloud are barred by the statute of limitations.

## B. Whether the Second Amended Complaint "Relates Back"

### 1. Relating Back Under Rule 15, Fed. R. Civ. P.

When an amendment occurs after the statute of limitations expires, the action may not be time-barred if the amended pleading "relates back" to the original timely pleading. Relation back of pleadings is governed by Rule 15(c). Under Rule 15(c)(1), a party's identification may be changed in an amended pleading upon satisfaction of the following:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading [as required by Rule 15(c)(1)(B)];
>
> (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

> (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and
> (4) the second and third requirements must have been fulfilled within the prescribed [120-day] limitations period.

*Ltd. Brands, Inc. v. F.C. (Flying Cargo) Int'l Transp. Ltd.*, 545 F. Supp. 2d 692, 700 (S.D. Ohio 2008) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)).

Whether or not a claim "relates back" is determined by "what the prospective *defendant* knew or should have known during the Rule 4(m) [120-day] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, _ U.S. _, 130 S. Ct. 2485, 2493 (2010). A plaintiff's knowledge is only relevant in determining whether that plaintiff made a mistake about the identity of the correct party. *Id*. at 2493-94. Further, where a plaintiff is mistaken regarding the defendant's "status or role in the events giving rise to the claim at issue" and sues a different party based on that mistake, the plaintiff is not precluded from claiming mistake of identity merely because the plaintiff knew of the defendant's existence. *Id*. at 2494.

Rule 15(c)(1)(C) is satisfied by either actual or constructive notice. *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012) (citing *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986)). Determining whether a party had knowledge of the suit is a fact-specific inquiry, considering the parties' circumstances and the relationship between the defendants. *Lovelace v. City of Memphis Police Dep't*, 08-2776, 2010 WL 711190, at *4 (W.D. Tenn. Feb. 24, 2010) (citing *Berndt*, 796 F.2d at 884). The following factors help determine whether a defendant had constructive notice of suit: (1) whether the defendant committed the allegedly unconstitutional acts; (2) if the new defendant worked for the original defendant; (3) if the new and old defendants are represented by the same counsel; (4) whether the plaintiff is

7

incarcerated; (5) whether the plaintiff is proceeding *pro se*; and (6) whether the new defendant was a "high official" of the original defendant such that the new defendant would have been involved in the original defendant's legal affairs. *Chidester v. Shelby Cnty.*, 02-2556 MA/A, 2006 WL 418002, at *3-4 (W.D. Tenn. Feb. 21, 2006) (quoting *Friedmann v. Campbell*, 202 F.3d 268(tbl), 1999 WL 1045281, at *2 (6th Cir. Nov. 8, 1999)). Also to be considered are the reasons why the plaintiff did not amend the complaint within the statute of limitations. *Id*. at 4.

### 2. The Second Amended Complaint Does Not Relate Back

The parties do not dispute that the allegations against Cloud arose from the same "conduct, transaction, or occurrence" set out in Plaintiff's original Complaint, and accordingly Rule 15(c)(1)(B) is satisfied. (DE 53, p. 8; DE 59, p. 2). That said, the parties disagree only as to whether the Rule 15(c)(1)(C) "notice" and "mistake" requirements are met. Plaintiff must first show that within 120 days of filing the initial Complaint (July 18, 2011) or First Amended Complaint (August 12, 2011) that Cloud "received such notice of the action that [she] will not be prejudiced in defending on the merits" and second that Cloud "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

When this Court granted Plaintiff's motion to file his Second Amended Complaint, substituting Cloud as a Defendant, the Court determined that the notice and mistake elements of Rule 15(c)(1)(C) had been met. (DE 28, p. 4). In making this decision, however, the Court relied upon several of Plaintiff's factual assertions which are now controverted by Cloud. Most significantly, Plaintiff's "Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint" gives the impression that Cloud was at some point employed by the Hickman County Jail and represented by Hickman County's attorneys. (DE 17, p. 6). In granting

8

Plaintiff's Motion to Amend, this Court determined that Cloud should have been aware of Plaintiff's suit "because the other Defendants (including Cloud's *employer*) and their counsel were aware of the allegations . . . ." (DE 28, pp. 3-4) (emphasis added). Further, this Court found evidence of notice because *Defendants' counsel* "must have known" of the mistaken identity when filing an Answer to the Complaint. (DE 28, p. 4).

Plaintiff's Memorandum references Cloud as a "nurse at Hickman County Jail," mentions that "Hickman County, Hickman County Jail, and Sheriff Randal Ward" were all involved in Cloud's employment, and suggests employment when stating "Jerry Wasden who, unlike Ms. Cloud, was no longer employed at the Hickman County Jail." (DE 17, pp. 3, 6). A reasonable conclusion at the time from these assertions was that Cloud was employed by the Hickman County Jail. However, Cloud was and still is an employee of Hickman Community Hospital. (DE 52, Attachment 1 ¶ 2; DE 60, p. 4 ¶ 10). Cloud provides medical services at the Hickman County Jail pursuant to a contract between the Hickman Community Hospital and Hickman County. (DE 52, Attachment 1 ¶ 3; DE 60, p. 4 ¶ 11).

Next, Plaintiff's Memorandum imputes notice of suit to Cloud by the fact that counsel for the original Defendants was aware that Plaintiff had mistaken Christy Mays for Cloud. (DE 17, pp. 3, 6). The original Defendants, Hickman County, Randal Ward, and Jerry Wasden, are represented by Ortale, Kelly, Herbert & Crawford. Since September 13, 2012, Cloud has been represented by Bradley Arant Boult Cummings LLP. (DE 39). Cloud asserts she has never been represented by Hickman County's attorneys. (DE 52, Attachment 1 ¶ 2). The lead attorney representing Defendants from Ortale, Kelly, Herbert & Crawford submitted that "The undersigned counsel does not have any recollection of speaking with Nurse Cloud about this suit

9

nor are there any notes or documents suggesting any conversations transpired." (DE 27, p. 2 fn. 2).

To date, the only tangible evidence presented to establish that Cloud was timely made aware of this lawsuit is two letters, dated August 6 and 11, 2011, in which Plaintiff's counsel[3] requests Plaintiff's medical records from July 1, 2010 to the "present." (DE 52-1, pp. 4-7). The declared purpose was "upon disposition of a legal matter." (DE 52-1, pp. 5, 7). The letters were not addressed to Cloud, but rather "To Whom It May Concern." (DE 52-1, pp. 4, 6). It is undisputed that Cloud received about three of these requests per month from attorneys. (DE 60, p. 4 ¶ 12). Aside from the letters requesting medical information, the only other basis to impute knowledge of the lawsuit rests on Cloud's contractual relationship with the Hickman County Jail and the other named Defendants.

Thus far, the case-law from our Circuit emphasizes that an employee is likely to have knowledge of a suit filed against the employer. *See Daily v. Monte*, 26 F. Supp. 2d 984, 987 (E.D. Mich. 1998); *O'Brien v. City of Grand Rapids*, 783 F. Supp. 1034, 1039 (W.D. Mich. 1992); *Simpson v. City of Maple Heights*, 720 F. Supp. 1303, 1305 (N.D. Ohio 1988). Employees who neither serve in a high ranking supervisory capacity nor have a reason to know of the employer's legal affairs, however, are not presumed to have constructive knowledge of a lawsuit merely because their employer is a named defendant. *Lovelace v. City of Memphis Police Dep't*, 2010 WL at *5. Being represented by the same counsel as the already-named defendants greatly increases the likelihood of being aware of suit. *See Daily*, 26 F. Supp. 2d at 987; *O'Brien*, 783 F.

---

[3] Counsel for Plaintiff did not make a formal notice of appearance until October 26, 2011. (DE 12). However, looking at the First Amended Complaint filed *pro se* on August 12, 2011 (DE 9) and the Second Amended Complaint filed by his attorney on July 10, 2012 (DE 29), it is apparent Plaintiff had the help of his attorney on August 12, 2011. This would be consistent with Cloud's statement that she received requests for the Plaintiff's medical record from Plaintiff's attorney on August 6 and 11, 2011. (DE 52-1, pp. 4-7).

Supp. at 1039; *Simpson*, 720 F. Supp. at 1305. *Lovelace v. O'Hara* further shows the importance of evaluating the exact information provided to the party sought to be named in an amended pleading. 985 F.2d 847, 850 (6th Cir. 1993). Where the information provided would not lead the party to expect to be named as a defendant, the party has insufficient notice. *Id*. (holding that a complaint explicitly naming a police officer in his official capacity failed to provide notice of suit in an individual capacity); *see also Burgans v. Hammond*, 1:10-CV-334, 2011 WL 3325880, at *6 (E.D. Tenn. Aug. 2, 2011).

While this Court previously inferred constructive knowledge of the lawsuit from the assertion that Cloud was under the same employ as the original Defendants, the actual contractual relationship between the parties does not imply that Cloud was aware of the pending suit. Similarly, Plaintiff has not provided evidence or indicated pertinent material in the record to show that Cloud was at any time represented by the same counsel as the original Defendants, further weakening a finding of constructive knowledge. Cloud appears to have been heavily involved in the Jail's medical care program—she worked at the Jail full-time, ran the Jail's medical clinic, and maintained the Jail's medical files. (DE 62 ¶ 2, 3, 5). This involvement, however, does not necessitate a finding that Cloud was similarly involved in the Jail's legal affairs, and Plaintiff has not yet produced evidence supporting this much-needed correlation. *See Lovelace v. City of Memphis Police Dep't*, 2010 WL at *5. Also weighing against relation back is the fact that Plaintiff had the assistance of counsel as of early August 2011 although a formal appearance was not filed until October 26, 2011. (DE 12). *See id*. (noting that because the plaintiff was represented by counsel, "there is no reason to bend the normal procedural rules."). In sum, Plaintiff has failed to satisfy the burden of proof to establish relation back. *See DeBois v. Pickoff*, 3:09CV230, 2011 WL 1233665, at *9 (S.D. Ohio Mar. 28, 2011). The evidence

provided does not support a finding that Cloud *was* aware or at the very least *should have been* aware of this lawsuit within 120 days of Plaintiff filing the original Complaint or First Amended Complaint.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge hereby **RECOMMENDS** that Defendant Cloud's Motion for Summary Judgment (DE 52) be **GRANTED**, and that this action against her be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 11th day of June, 2013,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge